## WINSLOW vs. KELLEY.

In *assumpsit* to recover the price of goods sold, the plaintiff, to show the sale and delivery, called a witness, who testified that he received the goods of the plaintiff on the defendant's account and in pursuance of verbal directions from him; but the Court held the witness to be inadmissible, it appearing that the witness was not the *agent* of the defendant, and that the goods never came to the defendant's use or benefit.

*Assumpsit* on an account annexed to the writ. The only question in the case, arose from a charge of $1,50 for a quantity of yarn. To show the sale and delivery of this, the plaintiff, among other evidence, called one *Melvin* as a witness, who testified that he received the yarn of the plaintiff for his own use, on the defendant's account, in pursuance of verbal directions from him. The competency of this witness was denied by the defendant's counsel ; but *Perham J.* before whom the cause was tried in the C. C. Pleas, admitted him, though it appeared further, that the witness did not in the transaction, act as the *agent* of the defendant, and that the yarn never came to the defendant's use or benefit.

A verdict being returned for the plaintiff, the defendant's counsel filed exceptions to the ruling of the Judge, pursuant to the statute, and by writ of error, (the cause having been commenced originally before a Justice of the Peace,) brought the case into this Court.

*Allyn,* for the defendant, cited 2 *Stark. Ev.* 747; *Emerton* v. *Andrews,* 4 *Mass.* 613; *Jones* v. *Brook,* 4 *Taunton,* 464; 1 *Camp.* 408; *Maxwell* v. *Pike,* 2 *Greenl.* 8; *Henderson* v. *Sevey,* 2 *Greenl.* 139; 1 *Johns.* 517.

*F. Allen,* for the plaintiff, insisted that the interest of the witness was balanced, and cited the following authorities: *Webb* v. *Margnard,* 16 *Johns.* 89; *Descadillas* v. *Harris,* 8 *Greenl.* 298; *Phillips* v. *Bridge,* 11 *Mass.* 242; *Thompson* v. *Snow,* 4 *Greenl.* 264.

PARRIS J. — It being expressly found, that in making the purchase, *Melvin* was not the agent of *Kelley,* and that the article purchased was for the use of *Melvin* and was never appropriated for *Kelley's* benefit, we think this case presents stronger objections in principle, against the admissibility of *Melvin's* testimony, than the case of *Hewett* v. *Lovering,* decided on the present circuit, *ante, p.* 201, or any of the cases there cited.

Upon the authority of that decision, as well as of *Emerton* v. *Andrews,* 4 *Mass.* 653, we sustain the exceptions. The judgment of the court below is, therefore, reversed.